UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:12-cr-129 |
| ) | |
| v. ) | JUDGE MATTICE/LEE |
| ) | |
| ) | |
| KENNETH GREENE ) | |

**DEFENDANT'S MOTION TO DISMISS SECOND SUPERSEDING INDICTMENT WITH PREJUDICE FOR VIOLATION OF SPEEDY TRIAL RIGHTS, AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant Kenneth Greene, pursuant to the Sixth Amendment to the United States Constitution, the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*, and Fed. R. Crim. P. 48(b)(3), respectfully files this Motion to Dismiss the Second Superseding Indictment with Prejudice for Violation of Speedy Trial Rights, and Memorandum of Law in Support Thereof. Defendant has been detained without bond for more than 13 months since his arraignment on the Second Superseding Indictment, and has not been afforded his constitutional and statutory rights to speedy trial by jury. Although part of this 13-month delay is excluded under the Speedy Trial Act, far more than 70 countable days have elapsed since Defendant's arraignment, so the Second Superseding Indictment must be dismissed. Due to the circumstances of the delay and the posture of the case, it should be dismissed with prejudice.

## INTRODUCTION

A "speedy trial is guaranteed the accused by the Sixth Amendment to the Constitution." Barker v. Wingo, 407 U.S. 514, 515 (1972). "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. CONST. amend. VI. The Speedy Trial Act requires that a defendant be tried within 70 days after his indictment or the date he first appears

in court, whichever is later. 18 U.S.C. § 3161(c)(1).[1] "If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment *shall be dismissed* on motion of the defendant." 18 U.S.C. § 3162(a)(2) (emphasis added). "Once the defendant establishes a prima facie case that the government violated the Act (a simple matter of producing a calendar and showing that more than seventy days have passed since the indictment (or first appearance) and trial has yet to begin), the government has the burden of proving excludable time by a preponderance of the evidence." United States v. Jenkins, 92 F.3d 430, 438 (6th Cir. 1996).

In the present case, 397 days (more than 13 months) have passed since Defendant's arraignment on the Second Superseding Indictment, and his trial has yet to begin. Even excluding the days that the Defendant concedes are not countable under 18 U.S.C. § 3161(h), 230 <u>countable</u> days (nearly eight months) have passed since Defendant's arraignment. Accordingly, the Second Superseding Indictment *must* be dismissed. 18 U.S.C. § 3162(a)(2). Given the length of the delay, the fact that the Defendant was a minimal participant in the alleged conspiracy in which nearly every other defendant has pleaded guilty, and the fact that Defendant played no part in causing the delay, the Court should dismiss the indictment with prejudice.

### FACTS

The Second Superseding Indictment, filed March 26, 2013, charged Defendant Kenneth Greene with conspiracy to distribute drugs (Count One) and illegal possession of a firearm (Count 4).[2] (Doc. 62). Defendant was arrested on those charges on April 18, 2013 (Doc. 123),

---

[1] "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

[2] The firearm charge is based on alleged conduct that occurred entirely in the state of Georgia, and will be the subject of a separate motion to dismiss for lack of venue.

and has been detained without bond since his arraignment on April 19, 2013 (Docs. 117 and 118). Defendant has persisted in his not-guilty plea since his arraignment. (Doc. 117).

On June 11, 2013—fifty-two days after Defendant's arraignment—a co-defendant (Defendant's brother) filed a Motion to Suppress Traffic Stop. (Doc. 190). On June 12, 2013, the Court entered an order referring the Motion to Suppress to the Magistrate and continuing the pretrial conference and jury trial that were set to begin July 1, 2013 and July 9, 2013, respectively. (Doc. 198). In that Order, the Court further ruled that "Any delay resulting from the filing of the [co-]defendant's motion, through the conclusion of a hearing and subsequent ruling by the Court, shall be excludable time for the purpose of The Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F)." (Id.).

Importantly, that continuance was <u>not</u> granted "on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." (<u>See</u> <u>id.</u>). Nor did the Court set forth "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." (<u>See</u> <u>id.</u>). Accordingly, the time following the June 12, 2013 Order is <u>not</u> excluded pursuant to 18 U.S.C. § 3161(h)(7) as an "ends of justice" continuance. <u>United States v. Monroe</u>, 833 F.2d 95, 99 (6th Cir. 1987) ("By its terms this section [(now § 3161(h)(7))] requires the district court to grant an 'ends of justice' continuance only upon the basis of findings that the continuance serves the ends of justice and to set forth its reasons for granting [such] continuance on the record, either orally or in writing.")[3] Rather than issue an "ends of justice" continuance on June 12, 2013 with the required "ends of justice"

---

[3] Section 3161(h)(7) provides in part that "No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."

3

findings, this Court referred only to "delay resulting from the filing of the [co-]defendant's motion," and cited "§ 3161(h)(1)(F)" (now § 3161(h)(1)(D)), which excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." See 18 U.S.C. § 3161(h)(1)(D). This distinction is crucial, because the Speedy Trial Act excludes only 30 days of time that a motion is "under advisement." 18 U.S.C. § 3161(h)(1)(H).

The Motion to Suppress was litigated vigorously by Mr. Greene's co-defendant and the Government during the following several months. Following an evidentiary hearing on July 1, 2013 (see Doc. 242), the Magistrate filed an initial Report and Recommendation on July 22, 2013, recommending that the Court deny the Motion to Dismiss. (Doc. 281). After additional motion practice and written submissions by the parties, the Magistrate filed a second Report and Recommendation on September 9, 2013, recommending that the Court grant the Motion to Suppress. (Doc. 346). The Government filed its objection to the second Report and Recommendation on September 23, 2013. (Doc. 376). On October 4, 2013, Mr. Greene's co-defendant filed his response to the Government's objection. (Doc. 393). No subsequent documents were filed by either party related to the Motion to Dismiss, and it appears the Court did not request further submissions after the October 4, 2013 filing.

On May 1, 2014, the Court entered an Order granting the Motion to Dismiss. (Doc. 562). Also on May 1, 2014, the Court entered an Ends of Justice Scheduling Order setting the case for trial on June 17, 2014. (Doc. 563). This May 1, 2014 Ends of Justice Scheduling Order cannot retroactively convert the June 12, 2013 order of continuance into an "Ends of Justice Scheduling Order" so as to convert the intervening delay into a non-countable period under § 3161(h)(7). See United States v. Crane, 776 F.2d 600, 606 (6th Cir. 1985) ("'A district judge cannot wipe out

4

violations of the Speedy Trial Act after they have occurred by making the findings that would have justified granting an excludable delay continuance before the delay occurred.'") (citation omitted).

Two hundred eight days elapsed between the final submission on the Motion to Dismiss (October 4, 2013) and the entry of the Order granting the Motion (May 1, 2014). (Docs. 393 and 562). Defendant respectfully submits that the following table therefore demonstrates that a violation of the Speedy Trial Act has occurred:

| | |
|---|---|
| 52 days | Time elapsed between Defendant's arraignment (April 19, 2013) and his co-defendant's filing of the Motion to Suppress (June 11, 2013), which temporarily tolled the Speedy Trial clock pursuant to § 3161(h)(1)(D). (Docs. 117 and 190). |
| +208 days | Time elapsed between the final submission on the Motion to Dismiss (October 4, 2013) and the entry of the Order granting the Motion (May 1, 2014). (Docs. 393 and 562). (The time the Motion to Dismiss was "under advisement" by the Court). |
| -30 days | Up to 30 days of "under advisement" time are excluded pursuant to § 3161(h)(1)(H). |
| **230 days** | Total days countable under the Speedy Trial Act.[4] |

## LAW AND ARGUMENT

A. <u>**Dismissal of this case is mandatory.**</u>

Because the Defendant has been awaiting trial far longer than the 70 countable days the Speedy Trial Act allows, this Court <u>must</u> dismiss the indictment. 18 U.S.C. §§ 3161(c)(1) & 3162(a)(2). The dispositive issue is whether the entire 208-day period that the Motion to Suppress was under advisement is excluded from the Speedy Trial Act calculation. It is not. The law is clear that only 30 days are excluded while a pretrial motion is under advisement:

---

[4] This total does not include the 116 days between the filing of the Motion to Suppress and the final submission related to that motion, nor any days since the Court's Ends of Justice Scheduling Order entered May 1, 2014.

5

"*Regardless of whether a motion requires a hearing or not,* after the court receives all the information necessary to decide a motion, *a maximum of thirty days can be excluded on the theory that the court has taken the matter 'under advisement.'*" United States v. Jenkins, 92 F.3d 430, 439 (6th Cir. 1996) (second emphasis added). See also United States v. Mentz, 840 F.2d 315, 327 (6th Cir. 1988) ("If no additional submissions are required, or they have been furnished to the court, section 3161(h)(1)(F) requires 'prompt disposition.' Again, section 3161(h)(1)(J) becomes applicable and *excludes a maximum of 30 days once the motion is 'actually under advisement*.'")[5] (emphasis added); United States v. Robertson, 260 F.3d 500, 505 (6th Cir. 2001) (explaining that once the Court "took the suppression motion under advisement following the suppression hearing . . . the speedy trial clock is stopped for that time in which the suppression motion was under advisement, *not to exceed thirty days*") (emphasis added); United States v. Moss, 217 F.3d 426, 431 (6th Cir. 2000) ("under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(J) [now (H)], *only thirty days are excludable* from the speedy trial clock for a motion taken under advisement.") (emphasis added).

In light of the clear law that only 30 days may be excluded from the Speedy Trial calculation while a motion is "under advisement," the number of elapsed days that are countable under the Act in this case far exceeds the limit of 70. The Defendant did not cause the delay related to his co-defendant's Motion to Suppress, and "a defendant has no duty to bring himself to trial and has no duty to bring any delay to the court's attention." Moss, 217 F.3d at 431. Moreover, any time excluded from the Speedy Trial calculation because of joinder with a co-defendant must be "reasonable." 18 U.S.C. § 3161(h)(6). Defendant respectfully submits that any additional delay attributed to actions by his co-defendants (beyond the extensively litigated

---

[5] Section 3161 was amended effective October 13, 2008, such that prior subsections 3161(h)(1)(F) and 3161(h)(1)(J) are now denominated 3161(h)(1)(D) and 3161(h)(1)(H), respectively. The terms of the subsections were not changed.

Motion to Suppress discussed above) is not "reasonable," and therefore should not be excluded from the Speedy Trial calculation. Because far more than 70 countable days (230 by Defendant's count) have elapsed since Defendant's arraignment, this Court <u>must</u> dismiss the Second Superseding Indictment. 18 U.S.C. § 3162(a)(2).[6]

### B. The dismissal of this case should be with prejudice.

Under the particular circumstances of this case, the Court should dismiss the indictment with prejudice. "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2).

### 1. "The seriousness of the offense."

Here, the *charged* offense is serious, but based on the information provided by the Government in discovery, the Defendant played a minimal role in the alleged drug conspiracy, and the gun charge is due to be dismissed for improper venue. Defendant is accused by co-defendants of selling or bartering for small amounts of methamphetamine, and a police officer allegedly found *less than two grams* of the drug on the ground near the Defendant following a

---

[6] The time following the June 12, 2013 Order is <u>not</u> excluded pursuant to 18 U.S.C. § 3161(h)(7) as an "ends of justice" continuance. <u>United States v. Monroe</u>, 833 F.2d 95, 99 (6th Cir. 1987) ("By its terms this section [(now § 3161(h)(7))] requires the district court to grant an 'ends of justice' continuance only upon the basis of findings that the continuance serves the ends of justice and to set forth its reasons for granting [such] continuance on the record, either orally or in writing.") Rather than issue an "ends of justice" continuance on June 12, 2013 with the required "ends of justice" findings, this Court referred only to "delay resulting from the filing of the [co-]defendant's motion," and cited "§ 3161(h)(1)(F)" (now § 3161(h)(1)(D)), which excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." <u>See</u> 18 U.S.C. § 3161(d)(1)(D). The May 1, 2014 Ends of Justice Scheduling Order <u>cannot</u> retroactively convert the June 12, 2013 order of continuance into an "Ends of Justice Scheduling Order" so as to convert the intervening delay into a non-countable period under § 3161(h)(7). <u>See</u> <u>United States v. Crane</u>, 776 F.2d 600, 606 (6th Cir. 1985) ("'A district judge cannot wipe out violations of the Speedy Trial Act after they have occurred by making the findings that would have justified granting an excludable delay continuance before the delay occurred.'" (citation omitted).

7

traffic stop. He is by no means an organizer or kingpin of the alleged conspiracy, and the Government's most inculpating information against him comes from a co-defendant whom this Court has determined to be "suffering from a mental disease or defect rendering him mentally incompetent." (Doc. 431). The 13-plus months that Mr. Greene already has served on these charges (of which he is presumed innocent) is more than sufficient punishment for Mr. Green's alleged role in the offense. Thus, the first factor weighs in favor of dismissal with prejudice.

        2.      "<u>The facts and circumstances of the case which led to the dismissal.</u>"

The second factor weighs heavily in favor of dismissal with prejudice. The following "facts and circumstances of the case which led to the" Speedy Trial Act violation demonstrate that this is precisely the type of administrative malfunction of the criminal justice system that the Speedy Trial Act is aimed at preventing. The Defendant has been jailed without bond for more than 13 months on charges of which he is presumed innocent. Through no fault of Defendant, a co-defendant's Motion to Suppress—which the Defendant did not join nor stand to benefit from—was not resolved until nearly 11 months after it was filed, and nearly seven months after it ceased to be litigated. Defendant recognizes that it was a complex motion requiring extensive litigation, and he casts no aspersions on the Court for taking the motion under advisement for a period of time. Indeed, the delay of nearly seven months presumably resulted from an administrative glitch. But that is precisely the reason the Speedy Trial Act computation excludes only 30 days of time during which a motion is "under advisement." Defendants should not be made to suffer in pretrial detention while their case stalls for an extended period of time due to even understandable neglect. In addressing this factor, the Sixth Circuit has discussed a similar delay as militating in favor of dismissal with prejudice. In <u>United States v. Moss</u>, the Court of Appeals criticized the district court for "fail[ing] to acknowledge that the reason for ten months

of the delay was that the motion to suppress was under advisement," and also because the Court did not "acknowledge that under the Speedy Trial Act, only thirty days are excludable from the speedy trial clock for a motion taken under advisement." 217 F.3d 426, 431 (6th Cir. 2000) (citation omitted). If the Speedy Trial Act is to have any meaning, lengthy delays of this nature should be remedied by dismissal with prejudice, not dismissal with reprosecution and additional pretrial detention.

Further, the Defendant played no role in causing the long delay that has denied him his constitutional right to a speedy trial, and he has suffered significant prejudice as a result of it. "Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." Barker v. Wingo, 407 U.S. 514, 532 (1972). The Supreme Court "has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Id.[7]

Mr. Greene has suffered an oppressive loss of liberty and an extended period of undue stress and anxiety while waiting helplessly in a jail cell for more than 13 months for his opportunity to face his charges at trial. The Supreme Court has recognized the prejudice inherent in excessive pretrial incarceration: "The time spent in jail awaiting trial has a detrimental impact on the individual. It often means loss of a job; it disrupts family life; and it enforces idleness. Most jails offer little or no recreational or rehabilitative programs. The time spent in jail is simply dead time. Moreover, if a defendant is locked up, he is hindered in his ability to gather

---

[7] Although Barker v. Wingo predated the Speedy Trial Act and concerned the speedy trial right under the Sixth Amendment, its teachings are pertinent to the Speedy Trial Act analysis because the purpose of the Act is "to quantify and make effective the Sixth Amendment right to a speedy trial". United States v. Robinson, 887 F.2d 651, 656 (6th Cir. 1989).

9

evidence, contact witnesses, or otherwise prepare his defense. Imposing those consequences on anyone who has not yet been convicted is serious." Id. at 532-33 (footnote omitted).

The excessive delay in this case has impaired Mr. Greene's defense. The Supreme Court has recognized that prejudice is inherent in any lengthy delay of a trial: "If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown." Barker, 407 U.S. at 532. If Mr. Greene is forced to defend himself after even more time passes following a new indictment, the task of locating defense witnesses with fresh memories will be even more daunting. Because "the inability of a defendant adequately to prepare his case skews the fairness of the entire system," Barker, 407 U.S. at 532, Mr. Greene should not be forced to defend himself again after such a lengthy delay.

   3.   "The impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice."

The third factor weighs equally heavily in favor of dismissal with prejudice. Prosecuting the Defendant again presumably would result in him being detained without bond again, so that he would spend even more time in jail before having the chance to exercise his constitutional right to a jury trial. That clearly would frustrate the purpose of the Speedy Trial Act. Re-prosecuting the Defendant also would negatively impact the administration of justice. "The purpose of the Speedy Trial Act is not only to protect a defendant's constitutional right to a speedy trial, but also to serve the public interest in bringing prompt criminal proceedings." United States v. Moss, 217 F.3d at 432. This case was filed nearly 19 months ago, on October 23, 2012. (Doc. 1). It once had 18 defendants, and only two remain for trial. Extraordinary resources already have been expended in prosecuting, defending, and incarcerating Mr. Greene

for his minimal alleged role in the conspiracy. He already has served more than 13 months in jail without being convicted of any crime, and for more than a year he did not have any idea when he would be permitted to exercise his right to a jury trial. Allowing the Government to reinstitute and reprosecute this case would be the antithesis of the administration of justice. At this point, the only way to administer justice, and to "serve the public interest in bringing prompt criminal proceedings," is to dismiss the case with prejudice. A man's liberty and constitutional rights are crucially important; they should not be subordinated to a system that already has failed to protect those rights.

## CONCLUSION

For all of the foregoing reasons, the Defendant Kenneth Greene respectfully requests that this Court dismiss with prejudice the Second Superseding Indictment and all charges against him.

Respectfully submitted,

DEGAETANO LAW FIRM

s/ Joseph G. DeGaetano
Joseph G. DeGaetano (B.P.R. No. 21448)
50 Frazier Avenue, Suite 300
Chattanooga, Tennessee 37405
(423) 255-7642
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2014, the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

s/ Joseph G. DeGaetano

Joseph G. DeGaetano